IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IVAN PAYICH, as Special Administrator for the Estate of NADA PAYICH,<br><br>Plaintiff,<br><br>vs.<br><br>GGNSC OMAHA OAK GROVE, LLC d/b/a GOLDEN LIVINGCENTER OF SORENSEN, and JOHN DOES 1-20, Real Names Unknown,<br><br>Defendants. | 4:12CV3040<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the motion to compel arbitration (filing 1) filed by defendant, GGNSC Omaha Oak Grove, LLC, d/b/a Golden LivingCenter of Sorensen ("GL Sorensen"). This case originated in Nebraska state court, where plaintiff Ivan Payich ("Ivan") originally filed suit as special administrator for the estate of his mother, Nada Payich ("Nada"). (Filing 2-2, Complaint.) The complaint alleges that while Nada was a resident at a skilled nursing facility owned and operated by GL Sorensen, she suffered physical and mental injuries as a result of negligent care and treatment. (*Id.* at ¶¶ 4–6, 27–35.) The complaint also alleges that defendants John Does 1–10 (contractors, subcontractors, and employees of GL Sorensen) and John Does 11–20 (the owners and administrators of GL Sorensen) were negligent in their care and treatment of Nada. (*Id.*)

  In response, GL Sorensen filed the present motion, seeking an order from this Court compelling arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. Defendant contends that an arbitration provision included in the admission agreement through which Nada was admitted to the skilled nursing facility controls any disputes regarding Nada's care at the facility.

  However, before the Court may consider the merits of the pending motion to compel arbitration, the Court must determine whether it has jurisdiction. This Court has an obligation to consider whether it has subject matter jurisdiction in every case, and this includes the responsibility to

consider the issue *sua sponte*. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). For the reasons discussed below, the Court finds that it lacks subject matter jurisdiction to consider GL Sorensen's motion to compel arbitration.

### 1. FEDERAL JURISDICTION AND THE FAA

While § 4 of the FAA provides that any party may file a motion in federal district court to compel arbitration, it does not provide an independent jurisdictional basis for filing in federal court. *Express Scripts, Inc. v. Aegon Direct Marketing Services, Inc.*, 516 F.3d 695, 699 (8th Cir. 2008). As the Court explained in *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n.32 (1983), the FAA

> is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction . . . . Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

GL Sorensen has invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), asserting that the amount in controversy exceeds $75,000 and GL Sorensen and plaintiff are citizens of different states. (Filing 1, at ¶ 4.) As the party invoking the Court's jurisdiction, GL Sorensen must show, by a preponderance of the evidence, facts supporting jurisdiction. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011).

### 2. DIVERSITY JURISDICTION AS BETWEEN PLAINTIFF AND GL SORSENSEN

The amount in controversy requirement has been satisfied. This requires only that the Court find by a preponderance of the evidence that "a fact finder could legally conclude, from the *pleadings* and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis supplied). Plaintiff's complaint states that the damages claimed are "far in excess of any minimum jurisdictional requirement of this Court or any Federal Court . . . ." (Filing 2-2, at ¶ 8.) Defendant agrees with this assertion. (Filing 1, at ¶ 7.) This assertion is credible: plaintiff has alleged that Nada

suffered physical injuries, physical and mental pain and suffering, and medical expenses as a result of defendants' negligence. (Filing 2-2, at ¶¶ 30–33 .)

GL Sorensen has also shown that diversity exists between itself and the plaintiff. Ivan Payich brings this suit in his capacity as special administrator of the estate of Nada Payich. For purposes of this dispute, he is a citizen of Nebraska. The legal representative of the estate of a decedent is deemed to be a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2). At all relevant times, Nada was a resident of Nebraska, (Filing 2-2, at ¶ 2), and Ivan is therefore deemed a citizen of Nebraska.

GL Sorensen is a limited liability company (LLC) organized under the laws of Delaware. (Filing 1, at ¶ 6.) For diversity purposes, an "ordinary" corporation is a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). This rule does not apply to an LLC, however, whose citizenship is instead the citizenship of all its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores*, 357 F.3d 827, 829 (8th Cir. 2004). The sole member of GL Sorensen is GGNSC Equity Holdings LLC, a Delaware LLC; whose sole member, in turn, is Golden Gate National Senior Care LLC, a Delaware LLC; whose sole member, in turn, is GGNSC Holdings LLC, a Delaware LLC. (Filing 1, at ¶ 6.) Finally, the sole member of GGNSC Holdings LLC is Drumm Corporation, an "ordinary" corporation organized under the laws of Delaware, with its principal place of business in California. (*Id.*) Drumm Corporation is thus a citizen of Delaware and California. 28 U.S.C. § 1332(c)(1). The LLCs stacked within GL Sorensen are therefore all citizens of Delaware and California, and so is GL Sorensen.

However, Ivan Payich and GL Sorensen are not the only parties to this dispute. Ivan's complaint also alleges that John Does 1–20 were negligent in their care and treatment of Nada. And to maintain diversity jurisdiction, there must be "complete diversity," which requires that no defendant hold citizenship in the same state as any plaintiff. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010). The citizenship of the John Doe defendants is not known, nor alleged by either party.

### 3. JOHN DOE DEFENDANTS AND DIVERSITY JURISDICTION

Federal courts are divided on the question of how to handle "John Doe" defendants of unknown citizenship for purposes of *original* diversity jurisdiction, that is, where the party asserting jurisdiction starts by bringing its case (or, as here, motion) in federal court. In contrast, for cases *removed* to federal court on the basis of diversity jurisdiction, the answer is clear. Title 28 U.S.C. § 1441(b)(1) provides, "In determining whether a civil action is

removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." This sentence was added by Congress as part of the Judicial Improvements and Access to Justice Act of 1988. Pub. L. 100-702, Title X, § 1016(a), 102 Stat. 4669. However, Congress made no similar change to the statute governing original diversity jurisdiction, 28 U.S.C. § 1332. Federal courts are divided on the significance of this omission and on how the presence of John Doe defendants affects original diversity jurisdiction.[1]

Several courts have held that, because Congress amended § 1441 but not § 1332, it would be improper to "import" the changes governing removal into the original jurisdiction statute, reasoning that it is "for Congress to define the jurisdiction of the federal courts, and not for any federal district court to engage in judicial legislation." *Controlled Env't Sys. v. Sun Process Co., Inc.*, 936 F. Supp. 520, 522 (N.D. Ill. 1996); *see, also, Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997); *McMann v. Doe*, 460 F. Supp. 2d 259, 263–65 (D. Mass. 2006); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55–56 (D.D.C. 2004). These courts hold that the presence of John Doe defendants destroys original diversity jurisdiction, because courts cannot simply presume diversity is present and the proponent of jurisdiction cannot prove diversity without some indication of the Does' citizenship. *See, e.g., Howell by Goerdt,* 106 F.3d at 218; *Meng,* 305 F. Supp. 2d at 56.

Other courts have held that the mere presence of Doe defendants does not destroy diversity, unless, of course, they are later revealed to have the same citizenship as a plaintiff. These courts reason that applying different standards under § 1441 and § 1332 would lead to inequitable results, in that plaintiffs would be forced to remain in state court in order to sue Doe defendants, but identified defendants could readily remove the same cases to federal court. *Macheras v. Center Art Galleries–Hawaii, Inc.*, 776 F. Supp. 1436, 1440 (D. Haw. 1991); *see, also, Johnson v. Rite Aid*, 2011 WL 2580375 (D. N.J. June 28, 2011); *Doe v. Ciolli*, 611 F. Supp. 2d 216, 220 (D. Conn. 2009).

This Court adopts the former view, and will apply § 1332 per its plain text, without importing the amendments to § 1441. The starting point for

---

[1] The Eighth Circuit does not appear to have addressed this issue. In *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156 (8th Cir. 1981), the court held that *removal* jurisdiction was improper when the removing defendant failed to establish diversity between the plaintiff and a Jane Doe defendant. *Pecherski* offers little guidance on how to handle original diversity jurisdiction, and, in any event, was overruled by the 1988 amendments to § 1441.

statutory interpretation is the text itself. *Graphic Commc'ns Local 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, 636 F.3d 971, 974 (8th Cir. 2011). As regards John Doe defendants, the text of § 1332 is clear. Section 1332(a)(1) requires that diversity suits be brought between citizens of different states. Congress was surely aware of the basic proposition, long established, that the party invoking jurisdiction bears the burden of pleading or showing "the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). Congress chose to ease this burden in § 1441 by explicitly taking "fictitious defendants" out of the analysis. Congress made no change to § 1332, and there is no basis for inferring a Congressional intent to change the law governing original diversity jurisdiction. Nor does the differential treatment of original and removal jurisdiction lead to an "absurd" result that could give rise to an inference that Congress intended to change § 1332. *Cf. Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 548 U.S. 291, 296–97 (2006).

Defendant GL Sorensen, as the party asserting jurisdiction, must show that the John Doe defendants are not citizens of Nebraska. *Schubert,* 649 F.3d at 622. The Court may not simply presume the John Doe defendants are diverse from the plaintiff. That is especially so where, as here, the John Doe defendants are employees, administrators, and owners of a facility located in Omaha, Nebraska. It is not only possible, but likely, that at least one of these 20 potential defendants is a Nebraska citizen.

In the present case, insisting upon the difference between original and removal jurisdiction might appear to elevate form over substance. If GL Sorensen had simply removed this entire case from Nebraska state court, and then filed a motion to compel arbitration, this Court would have diversity jurisdiction, despite the presence of John Doe defendants. The Court is not aware of any reason that GL Sorensen could not have proceeded in this manner. But, the Court notes, jurisdiction (and even removal) could be defeated at any time if the plaintiff simply filed an amended complaint identifying even one of the "John Doe" defendants as a citizen of Nebraska.

As a result, failure to properly address jurisdiction at this stage might result in further delays and additional costs down the line. Parties may not establish subject matter jurisdiction by waiver or consent, and challenges to subject matter jurisdiction may be raised at any time, even for the first time on appeal. *United States v. Afremov,* 611 F.3d 970, 975 (8th Cir. 2010). If the Court were to proceed, decide the pending motion to compel, and later be found to have lacked jurisdiction, the resulting inconvenience—not to mention the waste of the parties' and this Court's resources—would be significantly greater than simply addressing the issue now. Accordingly,

- 5 -

IT IS ORDERED:

1. On or before May 4, 2012, defendant GL Sorensen shall show cause why the present motion to compel (filing 1) should not be dismissed for lack of subject matter jurisdiction; and

2. Plaintiff's Motion for Leave to File a Responsive Brief (filing 12) is denied, without prejudice, as moot.

Dated this 24th day of April, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge